## WILSON v. IRISH.

1. **Conveyance:** EQUITABLE TITLE: BREACH OF COVENANT. The mere fact of the existence of an equitable title in a third person, cannot be set up in an action at law, as a breach of any of the usual covenants in a deed conveying the legal title.

2. ———: ———: POSSESSION. Where the covenantee takes, or has power to take, possession under his deed, he cannot complain of an outstanding equitable title, until it is successfully asserted.

3. ———: SPECIAL FINDINGS: FRAUD. The special findings of the jury construed as not constituting fraud, under the facts in this case.

*Appeal from Van Buren Circuit Court.*

TUESDAY, OCTOBER 25.

ACTION upon the covenants of warranty in a deed. The plaintiff claims damages in the sum of $2,450. The defendant denies the breach of warranty. There was a trial by jury. Verdict for plaintiff for $928.07. Defendant appeals.

*Knapp & Beaman, R. Lea, William Moore,* and *Work & Brown,* for appellant.

*Robert J. Starr, M. J. Williams,* and *Trimble & Baldwin,* for appellee.

ADAMS, CH. J.—I. The deed in question purports to convey certain land in the State of Missouri. It is conceded that the defendant was at one time the owner of the land. It is further conceded that he was the owner at the time of the execution of the deed to the plaintiff, unless he had executed and delivered a deed of the land to one Gatlin. The plaintiff avers that he had executed and delivered such deed. The defendant denies the delivery.

The undisputed evidence shows that an instrument was drawn for a deed from defendant to Gatlin, and deposited, with some other papers, in the hands of one Moore. Afterward it was surrendered by Moore at the request of both defendant and Gatlin. It was never

*1. CONVEY-ANCE: equitable title: breach of covenant.*

recorded, and at the time of the trial, was in the defendant's hands, and not in Gatlin's. The evidence offered for the purpose of showing a delivery is voluminous. Whether it had any tendency to show a delivery is the question principally discussed by counsel. In the view which we take of the case, we do not feel called upon to determine this question. It is one of considerable doubt, and the members of the court might not be agreed.

The evidence shows that Irish entered into a parol agreement with Gatlin for a sale to him of the land. Upon this evidence, the court gave an instruction in these words: " If you find that Gatlin and Irish made an agreement for the sale of the premises, and that the agreement was by parol, and that Gatlin paid to Irish a part of the consideration, either in money or property, and that a deed was executed and deposited with Moore, to be delivered to Gatlin upon his performing certain acts which it was agreed between them that he should perform, then this would vest in Gatlin an equitable title upon the performance of said conditions until said contract was rescinded and annulled by them, or the said Gatlin's right therein otherwise divested. And if such equitable right existed at the time Irish conveyed to the plaintiff, then there would be a breach of the covenants of the deed, and he would be entitled to recover the consideration paid for the premises."

The deed in this case contains all the usual covenants, and we have the question as to whether the mere fact of the existence of an equitable title in a third person can be set up in an action at law as a breach of any one of the usual covenants in a deed which conveys the legal title. In our opinion it cannot.

If the covenantee takes, or has the power to take, possession under his legal title, he has no ground of complaint until the 2. ——: ——: equitable title has been successfully asserted, and possession. that could be done only in a court of equity. It is insisted to be sure that the plaintiff did not take possession,

but was excluded by Gatlin. The evidence upon this point is by no means conclusive. On the other hand, it leaves our minds in great doubt. In our opinion, the instruction cannot be sustained as given, and we do not think it was without prejudice.

II. The defendant filed a cross-petition, claiming to recover damages for fraud in the trade, in pursuance of which the 3. ——: spe-cial findings: fraud. deed in question was executed. The defendant received from the plaintiff a deed of an improved farm in Iowa, which had been leased to one Brown. At the commencement of the negotiation the lease was shown to the defendant. Before the negotiations were closed, the plaintiff altered the lease by extending the time, and did not inform the defendant of the alteration. The rental value of the farm was greater than the rent stipulated in the lease. The defendant avers that the plaintiff extended the time for the purpose of defrauding him. The jury made a special finding upon the point in these words: "We find plaintiff practiced a deception, but no fraud." The defendant insists that if the plaintiff practiced a deception, he necessarily practiced a fraud, and that the verdict cannot be sustained. We have no doubt that the jury believed that the plaintiff misled the defendant by showing him the lease and afterwards, in good faith, no trade having yet been made with the defendant, consented to the change in the lease. That he did not intend to wrong the defendant would be evinced by the fact that the change, so far as it was disadvantageous, was in the first instance against himself, and would have remained so if the trade with the defendant had not been made. We think that the defendant's objections to the verdict, so far as it disallowed him damages for fraud, are not well taken. For the error above pointed out affecting the plaintiff's recovery, the judgment must be

REVERSED.

## ON REHEARING.

ADAMS, CH. J.—The plaintiff insists that if there was error in the instruction held to be erroneous, it was error without prejudice, by reason of a special finding of the jury. Our attention is now called, for the first time, to this point. As the ruling made by us contains no bad law, and especially as the ruling does not dispose of the case, but simply remands it for another trial, we are disposed to let it stand. We reach this conclusion the more readily because some of the members of the court are in doubt whether the evidence is sufficient to support the verdict. The writer, indeed, would be better pleased to put the reversal upon that ground. But the majority prefer to adhere to the opinion filed.